IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CARL EDWARD BELL,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>HOWARD SISSEM, SUPERINTENDENT AT SCI FOREST STATE PRISON; AND LAUREL R. HARRY, SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS;<br><br>　　　　Defendants | 1:25-CV-00378-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>REPORT AND RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION<br><br>IN RE: ECF NO. 1 |

I.　　Report and Recommendation

Carl Edward Bell ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Forest, initiated this action by filing an "Order to Show Cause for A Preliminary Injunction" and a declaration in support of the motion. *See* ECF No. 1. Plaintiff has not, however, filed a complaint.

It is respectfully recommended that Plaintiff's motion be dismissed. The purpose of a preliminary injunction is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *St. Thomas-St. John Hotel & Tourism Ass'n. Inc. v. Government of U.S. Virgin Islands ex rel. Virgin Islands Dept. of Labor*, 357 F.3d 297, 301 (3d Cir. 2004). Consequently, a request for injunctive relief "must, of necessity, bear a relationship to the underlying merits of the suit." *Straton v. Tony*, 2006 WL 3840802, at *2 (W.D. Pa. Dec. 22, 2006) (citing *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Where no complaint has been filed, "the court cannot make this determination and, accordingly, lacks jurisdiction to

entertain the petition for injunctive relief." *Harrison v. Thompson*, 2024 WL 758952, at *1 (W.D. Pa. Jan. 22, 2024). *See also Straton*, 2006 WL 3840802, at *2 ("[I]n the absence of a complaint, there is no way for this Court to ascertain whether the remedies sought in the motion for injunctive relief and the claims made therein bear any relationship to the as-yet non-existent complaint."); *McGill v. Hutchinson*, 2023 WL 6963550 (W.D. Pa. Sept. 26, 2023) (same). Such is the case here.

If Plaintiff wishes to pursue a claim for injunctive relief, he must first file a complaint that contains sufficient factual detail to satisfy Rule 8 of the Federal Rules of Civil Procedure. In practical terms, this means that Plaintiff must identify the rights under the Constitution, laws, or treaties of the United States that have been violated, name and identify the individual officials responsible for those alleged violations and provide specific details as to how each individual was involved in the deprivation of his civil rights. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Rather, Plaintiff should be as specific as possible about the particulars of the event and how the alleged misconduct resulted in a violation or denial of the civil right at issue. This description should include references to relevant dates, times, and locations, and should explain to the Court how each defendant's behavior, action, or inaction contributed to the alleged violation. Plaintiff should also explain what he is seeking by way of relief.

For the foregoing reasons, Plaintiff's motion for preliminary injunction should be denied and the Clerk should be directed to administratively close this case.[1]  Once a proper complaint

---

[1] Such an administrative termination is not a "dismissal." Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication. *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administration termination "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties. *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017). That said, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.  See,

has been filed, the appropriate individuals have been served, and the court obtains personal jurisdiction over those defendants, Plaintiff may renew his motion for injunctive relief, if appropriate. *See Stratton*, 2006 WL 3840802, at *2.

II.     Notice

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 16th day of January, 2026.

                                        BY THE COURT:

                                        _____
                                        RICHARD A. LANZILLO
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

---

e.g., *Drummond v. Evans*, 2025 WL 3620180, at *1 (W.D. Pa. Oct. 7, 2025), *report and recommendation adopted*, 2025 WL 3618022 (W.D. Pa. Dec. 12, 2025).